**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **STEPHANIE DUPLESSIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-7438** |
| **UNITED STATES POSTAL SERVICE** | **SECTION "K" (3)** |

**ORDER AND REASONS**

Before the Court is an application for appointment of counsel pursuant to 42 U.S.C. 2000e-5(f)(1) filed by pro se plaintiff, Stephanie Duplessis ("Duplessis"). Plaintiff was at all pertinent times employed by the United States Postal Service. Plaintiff's EEOC charge alleges that she is a victim discrimination in violation of Title VII (race, color, sex) and in violation the Age Discrimination in Employment Act of 1967 (ADEA).[1] Plaintiff's Complaint filed with this Court is based on alleged "race, color and age" discrimination. On November 15, 2007, the undersigned Magistrate Judge conducted a telephone hearing on plaintiff's request for appointment of counsel, following which the matter was taken under advisement. The Court, having considered the premises, DENIES petitioner's application for appointment of counsel for the following reasons.

---

[1] *See* Decision re Appeal No. 01-2007-1695 dated July 26, 2007 (regarding plaintiff's January 5, 2005 EEO complaint alleging that she was discriminated against on the bases of race (African-American), sex (female), color (Brown) and age (D.O.B. 05/06/63) when, on August 14, 2004, she became aware that another employee was wearing the same shoe on the workroom floor which she had been sent home for wearing on July 6, 2004 and then unilaterally placed in a non-duty, non-pay status) [Rec. Doc. No. 1].

The Court's power to "appoint counsel" is derived from Title VII.  Plaintiff does not have either a constitutional right or an automatic right to appointed counsel in a civil case.[2]  Unlike a criminal defendant, an indigent civil rights litigant, even if incarcerated, does not have a right to appointed counsel absent "exceptional circumstances."[3]  Indeed, the federal court has considerable discretion in determining whether to make such an appointment in a civil case.[4]  The Court has discretion to appoint counsel in such a case if doing so would advance the proper administration of justice.[5]  The plaintiff bears the burden of persuasion as to the *necessity* of such an appointment.[6]

The evidence which must be adduced includes the plaintiff's indigence and efforts made by the plaintiff to secure counsel; however, these are bare minimum *threshold* considerations.  In this case, plaintiff is admittedly not indigent and paid the filing fee.  Duplessis testifed that she has made no efforts to retain counsel to represent her in this Civil Action, expecting that the EEOC would do so on her behalf.  Even assuming that plaintiff had exhausted all avenues in her effort to retain counsel, this Court is not convinced that the plaintiff's situation justifies the special benefit of having counsel appointed to represent her.

In making this determination, the undersigned has considered all of the following factors: (a)

---

[2]*See Caston v. Sears, Roebuck and Co.,* 556 F.2d 1305, 1309 (5th Cir. 1977).

[3]*See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir.1997)*; Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Systems Protection Board*, 2002 WL 1216023 (E. D. La.) (Shushan, M. J.);  *Sly v. Stalder*, 2002 WL 31371958 (E. D. La.) (Wilkinson, M. J.).

[4]*See Salmon v. Corpus Christi Independent School District*, 911 F.2d 1165, 1166 (5th Cir. 1990).

[5]*See Ulmer v. Chancellor,* 691 F.2d 209, 212-13 (5th Cir. 1982); *Salmon v. Corpus Christi Independent School Dist.*, 911 F.2d 1165, 1166 (5th Cir.1990).

[6]*See Caston,* 556 F.2d at 1310.

the type and complexity of the case; (b) whether the indigent is capable of presenting her case adequately; (c) whether she is in a position to investigate her case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.[7]  The court should also consider whether appointment of counsel would be of service to the court and the defendant by sharpening the issues in the case.[8]

As to the complexity of the discrimination claim brought by the plaintiff, the Court notes that the plaintiff's discrimination claim was presented to the EEOC and plaintiff was a direct participant in the circumstances that form the basis of her EEO complaint.  The centerpiece of plaintiff's allegations of multiple forms of discrimination (race, color, sex and age) involve a solo instance of being sent home from work for the reason that the open toed surgical shoe worn by the plaintiff on date in question failed to comply with published workroom safety rules.  Although it is difficult to determine at this early stage of the proceeding that either that cross-examination of witnesses will be required or that the case is susceptible of summary disposition, the Court notes that plaintiff's EEOC complaint was disposed summarily and without the necessity of hearing, based upon the Adminstrative Law Judge's assessment of the record, which is appropriate, when the record reveals no genuine issue of material fact.  *See* 29 C.F.R. § 1614.109(g).  The EEOC affirmed the agency's final order on appeal.

The Court recognizes that every litigant benefits by having an attorney.  However, the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, she will have particular

---

[7]*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir.1992);  *Ulmer*, 691 F.2d at 213.

[8]*Id.*

3

difficulty in investigating and presenting her case, such that her situation justifies the special benefit of having counsel appointed to represent her. Plaintiff was very articulate and had no difficulty presenting the circumstances of her case of alleged discrimination to the undersigned in the context of the telephone hearing. The investigation appears to be complete and the plaintiff previously listed the six (6) employees including herself who have knowledge of the premises of her complaint and may be called to support her claims. Plaintiff has failed to make the requisite showing.

For reasons set forth above, the Court finds that this is not the type of *extraordinary* case in which appointment of counsel will necessarily assist either the parties or the court with presentation of the issues. Rather, on balance, the factors set forth above weigh against granting plaintiff's application for the appointment of counsel at this early stage of the proceedings. Accordingly,

**IT IS ORDERED** that Stephanie Duplessis's application for appointment of counsel is DENIED.

### OBJECTIONS

Plaintiff may file objections to the undersigned magistrate judge's findings. However, any such objections must be filed within ten (10) days of the date that this order is entered, excluding weekends and holidays. Additionally, plaintiff's objections must be: (1) specific, (2) in writing, and (3) served within ten days after being served with a copy of this order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). Plaintiff's failure to object will bar him from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the unobjected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 15th day of November, 2007.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**